UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIM HANSON,

      Plaintiff,

v.

MILLENNIA TAX RELIEF DBA
LIMITED LIABILITY CO.,

      Defendant.

Case No. 2:23-cv-00953

Demand for a Jury Trial

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendant Millennia Tax Relief DBA Limited Liability Co. ("Millennia Tax") has contributed to this barrage of telephone spam by initiating illegal calls to Jim Hanson ("Hanson").

3. Hanson wants this telephone spam to stop. Others do as well. Counsel for Hanson has multiple other clients who have received unwanted and unsolicited

calls from Millennia Tax. And Millennia Tax has been sued multiple times for telephone spam, but that has not caused them to stop spamming.

4. Hanson brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff Jim Hanson is a resident of Cape Coral, Florida.

8. Defendant Millennia Tax Relief DBA Limited Liability Co. is a Colorado-registered limited liability company with its principal place of business in City of Industry, California.

## FACTUAL ALLEGATIONS

9. Hanson's home, phone, and privacy have been invaded by Millennia Tax's non-emergency calls.

10. Hanson is the residential subscriber of the cell phone number 239-703-4929. Hanson uses this phone number at home. Hanson makes and takes personal calls and text messages on this phone number.

11. Hanson registered the number 239-703-4929 on the national Do Not Call Registry ("DNCR") on July 26, 2022.

12. Millennia Tax has initiated unwanted and unsolicited calls to Hanson despite his registration on the DNCR.

2

13. Millennia Tax initiated the calls using a tactic known as "ringless voicemail."

14. A ringless voicemail operates as follows:
    i. The system places two sequential calls to the consumer.
    ii. The first call briefly engages the consumer's phone line, typically lasting less than one or two seconds. This often causes the phone to ring once, hence the term "ringless voicemail" can be misleading.
    iii. While the line is briefly engaged, a second call is made. Unable to connect due to the first call, this second call is automatically redirected to the consumer's voicemail.
    iv. After rerouting the second call, the system immediately terminates the first call.
    v. Even in situations where the consumer's phone does not ring, the consumer is still interrupted and annoyed by a missed call notification from an unknown telemarketer.

15. On November 7, 2022, at 7:25 PM UTC, Millennia Tax called Hanson from 213-669-2838. This call only rang Hanson for two seconds then was disconnected by Millennia Tax before Hanson had a chance to answer.

16. About 30 seconds later, Hanson then received a voicemail from Millennia Tax. This voicemail originated from a second call that Millennia Tax initiated immediately after the first call at 7:25 PM UTC.

17. The voicemail said: "Hi, this is Thomas, and I am calling to let you know that if you're having problems with federal or state tax issues, they're (break in message) often help. The IRS fresh (break in message) can reset your

relationship with an help to reduce or eliminate tax like (break in message) 213668 now for more information. 3669, thank you."

18. Millennia Tax initiated this call using a prerecorded voice. The voicemail message sent to Hanson sounded like a recording and had breaks in the message causing the sentences to be incoherent and not make sense. This fact is verified from the same recorded message received by another client of Hanson's counsel who had the same message sent to him without the flawed message. That message was: "Hi, this is Thomas, and I am calling to let you know that if you're having problems with federal or state tax issues there are fresh start programs that can help. The IRS Fresh Start program can reset your relationship with the IRS and can help to reduce or eliminate tax liabilities. Call 213-669-2838 now for more information. Again, that is 213-669-2838, thank you."

19. The number 213-669-2838 is the phone number that called Hanson and is the phone number identified in the voicemail message.

20. When this number was called back, a customer service agent of Millennia Tax provided information that identified Millennia Tax as the owner and user of the phone number. The agent provided the website millenniataxrelief.com and contact address for the company as: Millennia Tax Relief, 15000 Nelson Ave East #200, City of Industry, CA 91744.

21. The purpose of these calls was to sell Millennia Tax's debt relief services.

22. On information and belief, Millennia Tax initiated the calls using an automated system that randomly or sequentially generated Hanson's phone number

4

and the phone number of the other clients of Hanson's legal counsel who have received these unsolicited calls.

23. Hanson never provided his number 239-703-4929 to Millennia Tax, never had a relationship with Millennia Tax, and never gave permission for Millennia Tax to send any type of communication.

24. Millennia Tax's calls are a nuisance and annoyance to Hanson. The calls have invaded Hanson's privacy. The spam has diminished the value of Hanson's phone and Hanson's enjoyment of life.

25. The calls were especially intrusive, frustrating, and annoying to Hanson because Millennia Tax purposefully hid its identity. Hanson had no idea who was spamming, whether the spammer was somebody whom Hanson had previously told to stop, or whether it was safe for Hanson to make a do-not-call request. By not disclosing Millennia Tax's identity, Millennia Tax knowingly tried to prevent Hanson from monitoring and enforcing compliance with the TCPA.

## LEGAL STANDARD

26. **Prerecorded or Artificial Voice**. The TCPA prohibits calls to cell phones using an "artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

27. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who

has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

28.   **Identification of Caller**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

29.   **Disconnected Calls**. Callers may not "disconnect an unanswered telemarketing call prior to at least 15 seconds." 47 C.F.R. § 64.1200(a)(6). "The practice of ringing and then disconnecting the call before the consumer has an opportunity to answer the phone is intrusive of consumer privacy and serves only to increase efficiencies for telemarketers." *In Re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14109 ¶ 157, 2003 WL 21517853.

30.   **Automatic Telephone Dialing System**. The TCPA prohibits calls to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. §64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

## CLASS ACTION ALLEGATIONS

31.   Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Hanson brings this action on behalf of all other persons similarly situated throughout the United States.

32.   Hanson proposes the following Classes:

**The Prerecorded Voice Class**
All people in the United States (1) to whom Millennia Tax initiated one or more calls to their cellular telephone, (2) using a prerecorded or artificial voice, (3) within the last four years from the filing of this action.

**The DNCR Class**
All people in the United States (1) to whom Millennia Tax initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) within the last four years from the filing of this action.

**The Failure to Identify Class**
All persons in the United States (1) to whom Millennia Tax initiated more than one telemarketing call or text message within any 12-month period, (2) to their cellular telephone number, (3) without disclosing the name of the individual initiating the calls and the name of the entity on whose behalf the calls were made, (4) within the last four years from the filing of this action.

**The Disconnected Calls Class**
All people in the United States (1) to whom Millennia Tax initiated one or more telemarketing calls to their cellular telephone, (2) and disconnected unanswered calls prior to at least 15 seconds of ringing, (3) within the last four years from the filing of this action.

**The ATDS Class**
All people in the United States (1) to whom Millennia Tax initiated more than one call to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate calls to Hanson, (3) within the last four years from the filing of this action.

33. Hanson does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

34. Class members are identifiable through phone records and phone number databases.

35. There are questions of law and fact common to Hanson and the class members, including but not limited to:

    i. Whether Millennia Tax initiated the calls.

    ii. Whether Millennia Tax's calls violated the law.

    iii. Whether Hanson and class members are entitled to statutory damages, trebled damages, and injunctive relief.

36. Hanson's claims are typical of the claims of the class members. Hanson's claims, like the class members' claims, arise out of the same common course of conduct by Millennia Tax and are based on the same legal and remedial theories.

37. Hanson is an adequate representative of the class because Hanson's interests do not conflict with the interests of the class members, Hanson will fairly and adequately protect the interests of the class members, and Hanson is represented by counsel skilled and experienced in class actions, including TCPA class actions.

38. Common questions of law and fact predominate over questions affecting only individual class members.

39. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication,

provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

40. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Illegal Use of a Prerecorded or Artificial Voice
(On Behalf of Plaintiff and the Prerecorded Voice Class)

41. Millennia Tax violated 47 C.F.R. § 64.1200(a)(1)-(2) by using a prerecorded or artificial voice without consent and without an emergency purpose when initiating calls to Hanson and members of the Prerecorded Voice Class.

42. Hanson and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

43. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

44. The court should enjoin such violations. *Id*.

## SECOND CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
(On Behalf of Hanson and the Do Not Call Class)

45. Millennia Tax violated 47 C.F.R. § 64.1200(c)(2) by initiating calls to Hanson and members of the DNCR Class while their phone numbers were on the DNCR.

46. Hanson and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

47. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

48. The court should enjoin such violations. *Id.*

### THIRD CAUSE OF ACTION
### Failure To Identify
### (On Behalf of Hanson and the Failure to Identify Class)

49. Millennia Tax violated 47 C.F.R. § 64.1200(d)(4) by initiating calls to Hanson and members of the Failure to Identify Class without disclosing the name of the individual initiating the calls and the name of the person or entity on whose behalf the calls were made.

50. Hanson and members of the Failure to Identify Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

51. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

52. The court should enjoin such violations. *Id.*

### FOURTH CAUSE OF ACTION
### Illegal Disconnection of Calls
### (On Behalf of Hanson and the Disconnected Calls Class)

53. Millennia Tax violated 47 C.F.R. § 64.1200(a)(6) by disconnecting unanswered telemarketing calls to Hanson and members of the Disconnected Calls Class prior to at least fifteen seconds of ringing.

54. Hanson and members of the Disconnected Calls Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. §§ 227(b)(3), (c)(5).

55. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

56. The court should enjoin such violations. *Id.*

## FIFTH CAUSE OF ACTION
### Illegal Use of an Automatic Telephone Dialing System
### (On Behalf of Hanson and the ATDS Class)

57. Millennia Tax violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Hanson and members of the ATDS Class.

58. Hanson and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

59. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

60. The court should enjoin such violations. *Id.*

## RELIEF REQUESTED

Hanson respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Hanson as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Hanson and class members, as allowed by law;

11

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Hanson requests a jury trial as to all claims of the Complaint so triable.

DATED October 26, 2023

Respectfully submitted,

*/s/ John Kauffman*
John Kauffman
Florida Bar No. 538205
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
john.kauffman@lawhq.com

*Lead Counsel for Plaintiff*